IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASMIN MCAFEE                                                               PLAINTIFF

v.                       CIVIL NO. 16-5029

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jasmin McAfee, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for child's insurance benefits (CIB) as a disabled adult and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff protectively filed her current applications for CIB and SSI on October 30, 2012, alleging an inability to work since September 1, 2012, due to attention deficit hyperactivity disorder, attention deficit disorder, depression, anxiety, and a personality disorder. (Doc. 12, pp. 68, 160). An administrative video hearing was held on December 30, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 12, pp. 34-63).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated September 11, 2014, the ALJ found that Plaintiff had not attained the age of twenty-two as of the alleged onset date. (Doc. 12, p. 19). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 12, p. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: depression, a personality disorder, attention deficit hyperactivity disorder (ADHD), and oppositional defiant disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 12, p. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she is able to perform work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgment. The supervision required is simple, direct and concrete.

(Doc. 12, p. 22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an industrial cleaner, a hand packer, and a machine packager. (Doc. 12, p. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 22, 2015. (Doc. 12, p. 5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.  To establish entitlement to CIB on the record earnings of an

insured person, a Plaintiff must prove she is 18 years of age or older and suffers from a disability that began before she reached 22 years of age. 42 U.S.C. § 402(d).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

## III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to properly assess Plaintiff's mental RFC; and 2) the ALJ failed to address Plaintiff's case as a young adult in a manner consistent with SSR 11-2p.

### A. Subjective Complaints and Symptom Evaluation:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While

an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that during the time period in question Plaintiff reported that she was able to take care of her personal needs, prepare simple meals, do dishes, shop for food, and go out alone. While Plaintiff reported that she did not usually do many chores or prepare food the record revealed that Plaintiff is able to perform these tasks. In July of 2013, Plaintiff also reported to a therapist, Christina Couch, Psy.D., that she had a boyfriend and spent her time painting, making crafts, texting, swimming and reading. (Doc. 12, p. 387).

With respect to Plaintiff's mental impairments, as pointed out by the ALJ, the record revealed that Plaintiff improved with medication and therapy. In April of 2012, prior to the time period in question, Plaintiff was noted to have made good progress. At that time, Alexandra Powell, MHPP, noted that Plaintiff had shown growth with the relationships with her mother and sister, was integrating in the community and was working on attending college. (Doc. 12, p. 378). After graduating high school, Plaintiff was told that she would be moved to the adult services side of care. The record revealed that Plaintiff's case was closed in August of 2012, after repeated attempts to contact Plaintiff to schedule an appointment with adult services went unanswered. Plaintiff did not seek treatment again until June of 2013. (Doc. 12, p. 391). At that time, Plaintiff wanted help managing her depression and anger. Dr. Crouch

noted that Plaintiff's attention and concentration were normal and that her memory was intact. Plaintiff was started on medication in August of 2013, and in October of 2013, Plaintiff was instructed to find a provider in her area. While Plaintiff underwent a psychological evaluation upon the referral of her mother in November of 2013, the record failed to show that Plaintiff sought treatment after October of 2013. See Banks v. Massanari, 258 F.3d 820, 825–26 (8th Cir. 2001) (ALJ properly discounted claimant's complaints of disabling depression as inconsistent with daily activities and failure to seek additional psychiatric treatment).

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

With regard to the testimony and statement of Plaintiff's mother, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

## B. ALJ's RFC Determination and Medical Opinions:

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence of record. Specifically, Plaintiff asserts that the ALJ failed to evaluate Plaintiff's claim in accordance with SSR 11–2P and SSR 85–15.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In the present case, the ALJ considered the medical assessments of non-examining agency medical consultants, the consultative examination performed by Dr. Gene Chambers, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform work at all exertional levels with some non-exertional limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Dan Donahue, Sheri L. Simon, and Chambers, and set forth the reasons for the weight given to the opinions. Renstrom

v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Plaintiff argues that the ALJ erred in failing to address the 2010 opinion of Dr. Neal Ritter. The Court does not find that the ALJ erred in failing to directly refer to Dr. Ritter's evaluation as this evaluation occurred over two years prior to the alleged onset date.

Plaintiff also cites SSR 11–2p to support the argument that Plaintiff would require extra help and accommodations and therefore should be found disabled. The Regulation provides that if an adult with an impairment "needs or would need greater supervision or assistance" because of the impairment than an employee who does not have an impairment, the adult has a work-related limitation. Titles II & Xvi: Documenting & Evaluating Disability in Young Adults, SSR 11-2P, *8 (S.S.A. Sept. 12, 2011). Here, a review of the record shows that the ALJ took into account the reports and opinions of Plaintiff's treating physicians, the opinions of consultative physicians, and the testimony of Plaintiff and her mother, and he considered the combination of all the Plaintiff's impairments in making his RFC determination. See Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010). The ALJ also noted Plaintiff's school records, her attempts to apply for jobs after high school, and her relationship with her mother. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set

forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as an industrial cleaner, a hand packer, and a machine packager. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 21st day of June 2017.

/s/    *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE